# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY A. MATHIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-136 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| UNTED STATES GOVERNMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., District Judge.

On June 27, 2011, Plaintiff Mary A. Mathis, proceeding *pro se*, initiated this action by filing a Motion for Leave to Proceed In Forma Pauperis. [ECF No. 1]. By Order dated September 15, 2011, the Motion was granted by the Court. Thereafter, the following documents were filed: Motion for Temporary Restraining Order [ECF No. 3] with a document attached which the Court has construed as a Complaint; Motion for Writ of Mandamus [ECF No. 4]; Motion for Enlargement of Case [ECF No. 5]; Motion for Court Estoppel [ECF No. 6]; and three Motions entitled "Motion Court Arrest of Judgment" [ECF No. 7] – [ECF No. 9].

When a plaintiff proceeds *in forma pauperis*, this Court is required to review the complaint in accordance with the provisions of 28 U.S.C. § 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*. Section § 1915(e)(2)(B) requires a federal district court to dismiss any case, even on its own motion, if the court determines that the action is, among other things, frivolous or malicious.[1] A complaint "is frivolous where it lacks an

---

[1] Section 1915(e) states, in pertinent part:
  **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
  * * *
  **(B)** the action nor appeal—
    **(i)** is frivolous or malicious;
    **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

1

arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1993) (quoting *Neitzke*, 490 U.S. at 327-29). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 33.

Because Plaintiff is proceeding *pro se*, her complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Brown v. City of Long Branch*, 380 Fed. Appx. 235, 238 (3rd Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Liberally construing the documents filed by the Plaintiff collectively, her pleadings can only be described as incoherent and delusional. By way of example, Plaintiff alleges the following:

> Moreover, Plaintiff would learn that Plaintiff is covered under the International Humanitarian Law Additional Protocol Preamble I 1977 Articles 1: - 147: for which Plaintiff is further protected by the Covenants against both the Federal and Lower Courts by [Article 4: affecting Legal Matters] pursuant to the International Humanitarian Law Additional Protocol affecting such Legal Matters In Civil Wars, for which Suitor – Plaintiff would learn much later of Covenant Guarantees in such Cases which applied to all my Cases even in the absence of not knowing the Laws of Covenant still existed, and it is NONCONTESTABLE for the Covenant of Treaties are APPARENT OF RECORD, and within in the same vein, when I filed at the Federal Level Complaints and Lawsuits demanding A Trial By Jury the Covenant of the United States of America with Suitor, also existed prior to my existence, was active derivative of Gods Covenant with Mankind and the Land, wherefore, I am counted as an Indispensable Party being deemed a Citizen

---

28 U.S.C. § 1915(e)(2)(B). This section applies to both prisoner and non-prisoner cases. *See, e.g. Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 n.19 (3rd Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); *Jayne v. Pike County Correctional Facility*, 2007 WL 2972579 at *1 n.1 (M.D.Pa. 2007) (citing cases), *aff'd in part and rev'd in non-relevant part*, 345 Fed. Appx. 861 (3rd Cir. 2009); *Weimer v. Vanorsdale*, 2007 WL 1653623 at *1 n.1 (W.D.Pa. 2007) (citing cases).

2

> of God and a Daughter born in the United States of America, for which I was Unjustly demonized by the System of Governance for asserting that selfsame Right of Entitlement and Constitutional Guarantees including but not limited to the Law of Maxims; The Law of Torts; Grievances and Redress, rather was treated as a Third World Country, by my own Country Men, being forced into Peonage, Slavery, Trafficking-Famine, Displacements, Exploitations, Economic & Unjust Enrichments; Excessive Fines, Taxes & Tolls; and Prohibited Detainee Treatment for over 15 years, for which I am Aggrieved[.]

[ECF No. 3] Complaint pp. 7-8. Plaintiff also refers to herself in the various filings as a "Claimant to civil and cold war crimes aggrieved by the Govt." [ECF No. 4] p. 1 and a "Prisoner of War Whom is also [a] diplomat-pro se in civil, cold, domestic, foreign, religious civil war case survivorship" [ECF No. 6] p. 1. In her "Motion for Court Estoppel," Plaintiff attached a copy of a letter to the Erie County Parking Authority, wherein she refers to herself as a "homeless holocaust survivor," and complains about receiving a parking ticket while visiting her son. [ECF No. 6] Motion p. 6. Plaintiff further cites to random federal statutory provisions that are entirely unrelated to any "facts" alleged by the Plaintiff. In her "Complaint," she cites to 18 U.S.C. § 1091, which is a criminal statute relating to genocide, and 18 U.S.C. § 2331-2333, which is a criminal statute relating to terrorism. [ECF No. 3]. In her "Motion for Court Writ Mandamus," she seeks a temporary restraining order from an "imminent arrest" pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771. [ECF No. 4].[2]

For the reasons set forth above, this action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and all related motions will be denied. Given the nature of these pleadings, I find that they are incapable of being cured by amendment. *See Alston v. Parker*, 363 F.3d 229, 235-36 (3rd Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3rd Cir. 2002).

---

[2] It appears the Plaintiff may be challenging an arrest and conviction for D.U.I. in 2003. If that is the case, those claims are clearly barred by the applicable statute of limitations. A complaint may properly be dismissed *sua sponte* under § 1915(e) on statute of limitations grounds if the untimeliness of the complaint is apparent on its face. *Cain v. City of Philadelphia Police Dept.*, ___ Fed. Appx. ___, 2011 WL 4823852 at *1 (3rd Cir. 2011) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

AND NOW, this 14th day of February, 2012, and for the reasons set forth above, IT IS HEREBY ORDERED THAT this action is DISMISSED *sua sponte* with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). IT IS FURTHER ORDERED that all pending motions are DENIED. The Clerk is directed to mark the case closed.

s/ Sean J. McLaughlin<br>United States District Judge

cm: All parties of record